IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Keaston Dahja Kinard, | ) | C/A No. 8:20-cv-00194-RMG-JDA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | **OF MAGISTRATE JUDGE** |
| Captain Megan Toth, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff brought this action seeking relief pursuant to 42 U.S.C. § 1983.  [Doc. 1 (Complaint); *see also* Doc. 11 (Amended Complaint).]  On July 13, 2020, Defendant filed a motion for summary judgment.  [Doc. 29.]  By Order of this Court issued the next day, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), Plaintiff was advised of the summary judgment/dismissal procedure and the possible consequences if he failed to respond adequately.  [Doc. 30.]  Despite this explanation, Plaintiff elected not to respond to the motion.

As Plaintiff is proceeding pro se, the Court filed an Order on August 21, 2020, giving Plaintiff through September 10, 2020, to respond to the summary judgment motion. [Doc. 33.]  Plaintiff was specifically advised that if he failed to respond, this action would be dismissed for failure to prosecute.  [*Id.*]  However, Plaintiff has not filed any response.

Based on the foregoing, it appears Plaintiff no longer wishes to pursue this action. "The Federal Rules of Civil Procedure recognize that courts must have the authority to control litigation before them, and this authority includes the power to order dismissal of an action for failure to comply with court orders."  *Ballard v. Carlson*, 882 F.2d 93, 95 (4th

Cir. 1989) (citing Fed. R. Civ. P. 41(b)).  "Federal courts possess an inherent authority to dismiss cases with prejudice sua sponte."  *Gantt v. Md. Div. of Corr.*, 894 F. Supp. 226, 229 (D. Md. 1995) (citing *Link v. Wabash R. Co.*, 370 U.S. 626 (1962); *White v. Raymark Indus.*, 783 F.2d 1175 (4th Cir. 1986); *Zaczek v. Fauquier Cty.*, 764 F. Supp. 1071, 1074 (E.D. Va.1991)).

The Fourth Circuit, in *Davis v. Williams*, recognizing that dismissal with prejudice is a harsh sanction that should not be invoked lightly, set forth four factors for determining whether Rule 41(b) dismissal is appropriate:

(1) the degree of personal responsibility on the part of the plaintiff;

(2) the amount of prejudice to the defendant caused by the delay;

(3) the presence or absence of a drawn out history of deliberately proceeding in a dilatory fashion; and

(4) the effectiveness of sanctions less drastic than dismissal.

588 F.2d 69, 70 (4th Cir. 1978) (citing *McCargo v. Hedrick,* 545 F.2d 393, 396 (4th Cir. 1976)).  Subsequently, however, the Fourth Circuit noted that "the four factors . . . are not a rigid four-pronged test," and whether to dismiss depends on the particular circumstances of the case.  *Ballard*, 882 F.2d at 95.  For example, in *Ballard*, the court reasoned that "the Magistrate's explicit warning that a recommendation of dismissal would result from failure to obey his order is a critical fact that distinguishes this case from those cited by appellant. . . .  In view of the warning, the district court had little alternative to dismissal.  Any other course would have placed the credibility of the court in doubt and invited abuse."  *Id.* at 95–96.

At this point, Plaintiff has twice allowed the deadlines to pass without filing his response.  Because Plaintiff is proceeding pro se, he is personally responsible for this failure.  In this Court's last Order extending the response deadline, the Court clearly stated that if he failed to file his response, this action would be dismissed for failure to prosecute.  Still, Plaintiff failed to file his response by that deadline.  Because Plaintiff has already ignored Court Orders and deadlines, the Court concludes that sanctions less drastic than dismissal would not be effective.

Wherefore, based upon the foregoing, the Court recommends the case be DISMISSED pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO RECOMMENDED.

s/Jacquelyn D. Austin
United States Magistrate Judge

September 18, 2020
Greenville, South Carolina